UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Reynaldo Crespin,<br><br>  Plaintiff(s),<br><br>vs.<br><br>State of Nevada, *et al*,<br><br>  Defendant(s). | **2:23-cv-01059-GMN-MDC**<br><br>**Order** |

Pending before the Court is incarcerated, pro se plaintiff Reynaldo Crespin's *Motion for Appointment of Counsel* (ECF No. 7). The Court grants the Motion and refers his case to the Pro Bono Program to attempt to find an attorney that will accept Mr. Crespin's case.

**DISCUSSION**

I. **BACKGROUND**

Mr. Crespin requests the Court appoint counsel to represent him due to: (1) his poor access to the law library[1]; (2) his lack of understanding of the law; (3) the complexity of the issues as well as the fact that the prisoner who helped plaintiff with complaint will be transferred[2]; (4) his failure to obtain counsel on his own; and (5) his inability to afford counsel. ECF No. 7 at 1-2. The underlying § 1983 claims in the present *Motion for Appointment of Counsel* (ECF No. 7) are: (1) an Eighth Amendment claim of deliberate indifference to serious medical need and (2) violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). ECF No. 6 at 9. Plaintiff's First Amended Complaint was screened, and plaintiff was allowed to proceed with these claims.

//

//

---

[1] Plaintiff argued this point while he was still incarcerated at High Desert State Prison, it appears he has since been transferred to Northern Nevada Correctional Center.
[2] Plaintiff argued this point back in December 2023. See ECF No. 7.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

### a. Legal Standard

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn*, *supra*, 789 F.2d at 1331.

### b. Analysis

#### i. Whether Plaintiff's Claim has a Likelihood of Success on the Merits

The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the "merit" analysis on a motion for appointment of counsel. *Turner v. Riaz*, 2018 U.S. Dist. LEXIS 194391, at *11 (E.D. Cal. Nov. 13, 2018) (citing *Tilei v. McGuiness*, 642 Fed. Appx. 719, 722 (9th Cir. 2016) (finding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits")). Here, two of Mr. Crespin's claims have survived the Court's screening process. Thus, this factor weighs in favor of appointment of counsel.

//

//

> ii. **Whether Plaintiff ability to articulate his claims in light of the complexity of the legal issues involved.**

The Court finds that Mr. Crespin's Eighth Amendment deliberate indifference claim is complex given the nature of the alleged wrongful acts. "In an unpublished decision, the Ninth Circuit held that a plaintiff should be appointed counsel for a deliberate indifference claim stemming from allegations that prison supervisors and physicians failed to properly treat the plaintiff's chronic and substantial pain resulting from spine degeneration." *Reese v. Bryan,* 2021 U.S. Dist. LEXIS 204998, at *8 (citing *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016)) (internal quotations omitted). The Ninth Circuit reasoned that the plaintiff's "claim will turn on complex medical questions of competing treatment regimens and causation, and likely require the testimony of expert witnesses." *Id.* Other district courts have found that such deliberate indifference claims are complex. *Id.* at 9; *See, e.g., Turner v. Riaz*, No. 216CV0969MCEACP, 2018 U.S. Dist. LEXIS 194391, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018) ("Appointment of counsel is also appropriate because deliberate indifference claims involve an interplay of factual and legal issues that is inherently complex."). Mr. Crespin's Eighth Amendment claim arises from allegations regarding a failure to provide treatment, which can raise complex medical questions.

The Court also finds Mr. Crespin has sufficiently raised concerns that he will face difficulties in completing discovery given the type of discovery involved. The Court also finds that Mr. Crespin has raised concerns regarding his ability to articulate his claims based on the assertion that the person who helped Mr. Crespin complete his complaint will soon be transferred[3]. These circumstances, along with the complexity of the issue, warrant appointment of pro bono counsel in this case.

//

//

//

---

[3] The Court notes that the Motion before it was written back in December 2023.

### III. CONCLUSION

The Court will exercise its discretion to appoint counsel and grant Mr. Crespin's *Motion for Appointment of Counsel* (ECF No. 7). The Court will refer the case to the Pro Bono Program to attempt to find an attorney to accept Mr. Crespin's case. The Court reminds counsel considering accepting Pro Bono Placement that the Court waives CM/ECF Fees for the accepted pro bono matter and that advancement and reimbursement of certain expenses is available per the Court's Second General Order No. 2019-07. Finally, pro bono matters with pro bono counsel are generally selected for oral arguments to give pro bono attorneys more opportunities to hone their argument skills.

The Court advises Mr. Crespin that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989), 109 S. Ct. 1814, 104 L. Ed. 2d 318. When a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. The Court also reminds Mr. Crespin that until counsel is appointed, he is responsible for complying with all deadlines in the case. If counsel is found, the Court will issue an order appointing counsel and Mr. Crespin will be contacted by counsel.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Appointment of Counsel* (ECF No. 7) is GRANTED.
2. This case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment shall include the discovery phase through the termination of the case—whether at the dispositive motion phase or trial. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court and Plaintiff will be contacted

by counsel. In addition, the Court will schedule a status hearing to further delineate the scope of representation.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 24th day of April 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge