UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Reynaldo Crespin,<br><br>    Plaintiff(s),<br><br>vs.<br><br>State of Nevada, *et al.*,<br><br>    Defendant(s). | 2:23-cv-01059-GMN-MDC<br><br>**ORDER DENYING MOTIONS** |

  Pending before the Court are *pro se* plaintiff Reynaldo Crespin's *Motion for Preservation of Evidence* (ECF No. 33) and *Motion for Production of Medical Records* (ECF No. 34). For the reasons stated below, the Court DENIES the Motions.

## DISCUSSION

### I. MOTION FOR PRESERVATION OF EVIDENCE

  Plaintiff filed his *Motion for Preservation of Evidence* (ECF No. 33), requesting the Court to order preservation of various video recordings and documents. Defendants responded that they have already sent a litigation hold letter on March 13, 2024 – which notified the Nevada Department of Corrections (NDOC) to preserve evidence pertaining to plaintiff's lawsuit. ECF No. 35 at 2. Here, plaintiff's Motion for Preservation is moot because defendants already have a general duty to preserve evidence and because a litigation hold letter was sent to NDOC. If plaintiff has concerns regarding the preservation, he should send notices to preserve evidence to NDOC – the court does not typically issue preservation. *See Picozzi v. Nevada*, 2023 U.S. Dist. LEXIS 63968, at *3 (D. Nev. April 12, 2023). as plaintiff has not alleged the defendants failed to preserve evidence, the Court DENIES plaintiff's Motion. If defendants fail to preserve relevant evidence, plaintiff may bring a spoliation motion before the Court.

//

//

## II. MOTION FOR PRODUCTION OF MEDICAL RECORDS

### A. Legal Standard

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which reads in relevant part that:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Rule 34 provides that a party may serve on another a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Reflex Media Inc. v. Does*, 2022 U.S. Dist. LEXIS 243662, at *4, 2022 WL 20328162, at *2 (D. Nev. Aug. 25, 2022) (citing *Garces v. Pickett*, 2021 U.S. Dist. LEXIS 49438, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021)) (citations omitted). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Id*. (citation omitted). The opposing party must show that the discovery request is overly broad, unduly burdensome, irrelevant, or disproportional in light of the issues at stake. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992). The opposing party must specifically detail the reason why the request is improper. *Beckman Indust.*, 966 F.2d at 476

("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

### B. Analysis

Plaintiff filed a *Motion for Production of Medical Records* (ECF No. 34) seeking production of his entire medical record. The construes his motion as a motion to compel. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'").

#### a. Lack of Meet and Confer

The Court finds that there has been a lack of a meet and confer, as required by Local Rules ("LR") 26-6 and LR IA 1-3(f). The relevant portions of LR 26-6 and LR IA 1-3 provide:

> Discovery motions will not be considered unless the movant (1) has made a good-faith effort to **meet and confer** as defined in LR IA 1-3(f) before filing the motion, and (2) **includes a declaration** setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

LR 26-6(c) (emphasis added).

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. **This requirement is reciprocal and applies to all participants.** Unless these rules or a court order provide otherwise, this requirement may only be satisfied through **direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.** The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.[1]

LR IA 1-3(f) (emphasis added).

> A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2).

---

[1] LR IA 1-3(f)(1) provides an exception to the face-to-face meeting requirement for incarcerated individuals appearing pro se.

Here, plaintiff failed to provide a declaration detailing any meet-and-confer efforts. Plaintiff references that his request for medical records were previously denied but does not provide much more detail other than it happened sometime around his January[2] mediation hearing and that it was denied due to him being an "NSF Inmate." *See* ECF No. 34. In fact, defendants claim that plaintiff has not served them with any request for production of documents requesting medical records. ECF No. 36. Plaintiff is reminded that pursuant to LR 26-6, discovery motions will not be considered unless there has been a meet-and-confer on the issue(s) and the motion includes a declaration regarding the meet-and-confer efforts. *See* LR 26-6(c). Therefore, the Court DENIES the Motion for Production of Medical Records but does so without prejudice. Plaintiff must serve defendants with a request for production and participate in a meet-and-confer before filing another motion to compel/produce. As an incarcerated individual, plaintiff may satisfy the meet-and-confer requirement through either face-to-face communication or written communication. *See* LR IA 1-3(f)(1).

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Preservation of Evidence* (ECF No. 33) is DENIED.

2. The *Motion for Production of Medical Records* (ECF No. 34) is DENIED WITHOUT PREJUDICE.

DATED this 1st day of October 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[2] A review of the docket shows that while the Order setting mediation was filed in January of 2024, the actual mediation occurred in February of 2024.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.