**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Reynaldo Crespin,

          Plaintiff(s),

vs.

State of Nevada, *et al*.,

          Defendant(s).

2:23-cv-01059-GMN-MDC

**ORDER DENYING MOTIONS**

Pending before the Court are *pro se* plaintiff Reynoldo Crespin's *Motion for Appearance by Video Conference* (ECF No. 37) and *Motion for Appointment of Counsel* (ECF No. 39). For the reasons stated below, the Court DENIES the *Motion for Appearance by Video Conference*. The Court also DENIES the *Motion for Appointment of Counsel* as MOOT.

**DISCUSSION**

**I. MOTION FOR APPEARANCE BY VIDEO CONFERENCE**

Plaintiff requests a blanket order that he be allowed to appear by video conference at all hearings. While the Court sometimes allow such appearances, there may be occasions where personal appearance is required. Such motions are better determined on a case-by-case basis, and not through a blanket order such as this. *See Richards v. First Response Towing*, 2022 U.S. Dist. LEXIS 102244, at *8 (D. Nev. June 8, 2022); *see also Lapin v. Jones*, 2022 U.S. Dist. LEXIS 41295, at * 4 (D. Idaho Mar. 7, 2022). Therefore, the Court DENIES the Motion to Appear by Video Conference.

**II. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff filed a Motion seeking appointment of counsel (ECF No. 39); however, this is a duplicate request as the Court had previously granted a Motion for Appointment of Counsel (*see* ECF No. 20). The Court reminds plaintiff that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989), 109 S. Ct. 1814, 104 L. Ed. 2d 318. When a court "appoints" an

attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. The Court also reminds plaintiff that until counsel is appointed, he is responsible for complying with all deadlines in the case. If counsel is found, the Court will issue an order appointing counsel and plaintiff will be contacted by counsel. Therefore, the Court DENIES the Motion for Appointment of Counsel (ECF No. 39) as MOOT.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Appearance by Video Conference* (ECF No. 37) is **DENIED**. Plaintiff may file a motion for video appearance on a case-by-case basis, and not a blanket motion.

2. The *Motion for Appointment of Counsel* (ECF No. 38) is **DENIED AS MOOT**.

DATED this 8th day of October 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.