UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REYNALDO CRESPIN,

           Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

           Defendants.

Case No.: 2:23-cv-01059-GMN-DJA

**ORDER DENYING OBJECTION TO MAGISTRATE JUDGE ORDER NO. 60**

Pending before the Court is Defendant former Associate Warden James Scally's Objection (ECF No. 70), to the Magistrate Judge's Order, (ECF No. 60), sanctioning Defendant $250 for (a) failing to obey the Court's December 3, 2024, Order (ECF No. 46), and (b) being substantially unprepared to participate in the Settlement Conference by failing to arrange for a representative with settlement authority regarding plaintiff's non-monetary demands to be present. Plaintiff did not file a Response, (ECF No. 77). Also pending before the Court is Defendants Ryan Vandenbush, Romain Smith, and James Scally's Motion to Strike Plaintiff's Response to Defendant's Objection to Magistrate Judge Order, (ECF No. 87). For the reasons discussed below, the Court **DENIES** Defendant's Objection and **DENIES** Defendant's Motion to Strike.[1]

I. **BACKGROUND**

This case arises out of Defendants' alleged failure to provide Plaintiff with adequate medical care and reasonable accommodations for his disabilities while he was incarcerated at

---

[1] Defendants move to strike Plaintiff's Response to their Objection, arguing that he does not have standing to file such a response. However, under Federal Rule of Civil Procedure 72, a party can file a response to the opposing party's objection to a magistrate judge's order. Rule 72 explicitly provides that "[a] party may respond to another party's objections within 14 days after being served a copy." Fed. R. Civ. P. 72(b)(2). Accordingly, the Court DENIES Defendants' Motion to Strike.

High Desert State Prison ("HDSP"). (*See generally* First Am. Compl. ("FAC"), ECF No. 5). The Court set forth the details of Plaintiff's claims in its prior Screening Order and incorporates that background information herein. (*See generally* Screening Order, ECF No. 6).

The Screening Order allowed the following claims to proceed: Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants Araysio, Dr. Malanaga, and Dr. Evram, and violation of the Americans with Disabilities Act and Rehabilitation Act against Defendant Scally. The parties attended an Early Mediation Conference on February 27, 2024, but no settlement was reached. (Minutes, ECF No. 15). After Plaintiff was appointed pro bono counsel, (Order Appt. Counsel, ECF No. 44), the parties stipulated to a settlement conference. (Stip., ECF No. 45). Magistrate Judge Couvillier set a settlement conference for February 6, 2025. (Order Granting Stip. Setting Settlement Conf., ECF No. 46). The Magistrate Judge's Order setting the settlement conference ordered the following individuals to appear for the conference:

> "All principal counsel of record who will be participating in the trial and who have full authority to settle this case, all parties appearing pro se, if any, and all individual parties must appear. In the case of non-individual parties, counsel of record shall arrange for an officer or representative with binding authority to settle this matter up to the full amount of the claim or more recent demand to be appear for the duration of the conference."

(Order Granting Stip. Setting Settlement Conf. 1:19–25, ECF No. 46). Prior to the settlement conference, the Court granted a stipulation to excuse the presence of Defendant Scally from the Settlement Conference. (Order Granting Stip. Excuse Scally, ECF No. 49). A Settlement Conference was held on February 6, 2025, but no settlement was reached. (Order to Show Cause ("OSC") 1:15, ECF No. 50).

The day after the settlement conference, Magistrate Judge Couvillier issued an Order to Show Cause, ordering Defendants to show cause why they should not be sanctioned for failing to comply with the Order Setting Settlement Conference, failing to adequately prepare, and

1  failing to participate in good faith. (OSC 1:20–22).  Defendant Scally filed a response to the
2  OSC, (ECF No. 52), and Magistrate Judge Couvillier subsequently issued an Order Sanctioning
3  Defendants, (ECF No. 60).  Defendants NDOC and Scally then filed the instant objection to the
4  Sanctions Order, (ECF No. 70).  Plaintiff filed a Response to the Objection, (ECF No. 77),
5  which Defendants moved to strike, (ECF No. 87).

6  **II.    LEGAL STANDARD**

7  When reviewing the order of a magistrate judge, the order should be set aside only if the
8  order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C.
9  § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate
10 judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a
11 mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).
12 "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or
13 rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-
14 RCJ-NJK, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted).  When a
15 district judge reviews a magistrate judge's order, however, the magistrate judge "is afforded
16 broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*,
17 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted).  The district judge "may not simply
18 substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San
19 Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

20 **III.   DISCUSSION**

21 Federal Rule of Civil Procedure 16(f)(1) authorizes a court to impose sanctions under
22 Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney is "substantially unprepared to participate —
23 or does not participate in good faith —in the conference," or "fails to obey a scheduling or
24 other pretrial order." Fed. R. Civ. P. 16(f)(1).

25

Defendant Scally and Nevada Department of Corrections ("NDOC")[2] object to Magistrate Judge Couvillier's Order sanctioning them $250. (*See generally* Obj., ECF No 70). They contend that the Sanctions Order is clearly erroneous and legally incorrect, such that the Court should reverse the Order. The Magistrate Judge's Order explains that this is a medical indifference case in which the main allegations are that Defendants refused to provide Plaintiff with adequate medical care. (Order Sanctioning Defs. 1:18–20). Even though the parties asked the Court for a settlement conference after Plaintiff had sent Defendant settlement demands that consisted primarily of medical-related items, Defendant surprisingly did not bring to the settlement conference a representative with binding authority to settle Plaintiff's medical-related items. (*Id.* 1:20–21). It further explains that Defendant's representative could not agree to Plaintiff's non-monetary proposals, and instead required Plaintiff to "submit requests for his medical needs proposes for consideration and evaluation by prison medical staff to determine whether the medical care and items requested by Plaintiff were medically necessary." (*Id.* 5:9–23). The Order found that Defendant's failure to produce a representative with binding authority to settle Plaintiff's medical-related items was a violation of his Order Setting Settlement Conference and resulted in a waste of resources. (*Id.* 1:21–23).

The Magistrate Judge's reasoning for imposing sanctions is sound, and nothing in Defendant's Objection persuades the Court that the Order is clearly erroneous or contrary to law. While Defendant explained, at length, in its Response to the OSC why a medical evaluation was necessary, he failed to explain why he and NDOC did not arrange for a medical evaluation prior to the settlement conference. The parties requested this settlement conference; it was not Court ordered.[3] (*See* Stip. to Set Settlement Conf., ECF No. 45). Defendant was

---

[2] NDOC was, at the time of the settlement conference, an interested party. (*See* First Amended Complaint, ECF No. 5). It was subsequently added as a Defendant in the Second Amended Complaint, (ECF No. 55).

[3] Of note, the Magistrate Judge recused from this case, as required whenever a settlement conference held at the request of the parties before the end of discovery involves *ex parte* communications and fails to reach a

therefore not facing Court imposed time constraints that would have prevented NDOC from conducting a medical evaluation prior to the settlement conference. Defendant was aware that most of Plaintiff's settlement demands were medical-related because his counsel had expressly communicated them to Defendants three months prior to the February Settlement Conference. (Sanctions Order 7:16–17). Furthermore, the parties had previously participated in an Early Mediation Conference ten months prior to the Settlement Conference. (*See* Minutes, ECF No. 15). Despite that knowledge, Defendant did not arrange for a medical evaluation prior to requesting a settlement conference and did not send a representative prepared to make a *binding*, rather than conditional, settlement offer. Such actions can reasonably support a finding that Defendant failed to obey the Magistrate Judge's Order and was substantially unprepared to participate in the Settlement Conference requested by the Defendant. In sum, the Court does not find that Magistrate Judge Couvillier's Sanctions Order is clearly erroneous. Accordingly, the Court DENIES Defendant's objection to the order.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Objection, (ECF No. 70), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, (ECF No. 87), is **DENIED.**

**DATED** this __14__ day of May, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

settlement. While not explicitly raised, this necessity also constitutes a waste of resources, especially if the conference was requested in bad faith to promote forum shopping.