UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Reynaldo Crespin,<br><br>            Plaintiff,<br><br>    v.<br><br>Nevada Department of Corrections; et al.,<br><br>            Defendants. | Case No. 2:23-cv-01059-GMN-DJA<br><br>**Order** |

    Plaintiff Reynaldo Crespin is an inmate in the custody of the Nevada Department of Corrections and currently represented by pro bono counsel. Before the Court is his motion for virtual visitation with his counsel (ECF No. 53), motion to amend his complaint (ECF No. 73), and his counsel's motion to withdraw (ECF No. 79). The parties have also filed a stipulation to stay pending the outcome of counsel's motion to withdraw. (ECF No. 78). Crespin has not responded to his counsel's motion to withdraw. Because Crespin has not opposed, the Court grants his counsel's motion to withdraw, returns this matter to the Pro Bono Program for placement, and grants the stipulation to stay in part. Because the Court grants counsel's motion to withdraw, the Court denies Crespin's motion for virtual visitation with that counsel as moot. The Court also grants Crespin's motion to amend his complaint.

    **I.**    **Motion to amend complaint.**

    Crespin moves to file a third amended complaint and to reopen the deadline to amend pleadings. (ECF No. 73). In his amendment, Crespin seeks to withdraw certain causes of action, to add new parties, and to add new claims based upon recent events, all to correct certain pleading deficiencies that Defendants addressed in their pending motion to dismiss Crespin's second amended complaint. The Court finds Crespin's motion to be timely and proposed amendment to be meritorious. So it grants the motion to amend.

///

### A.    Timeliness of the motion to amend.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, as an initial matter, the Court finds that Crespin has shown good cause to reopen the deadline to amend pleadings and add parties. Crespin explains that Defendants' responsive pleading to his second amended complaint was due on March 11, 2025, but Defendants were late to file that responsive pleading and Crespin's counsel ultimately agreed to extend the deadline to March 21, 2025. In the meantime, the deadline to amend passed on March 17, 2025. (ECF No. 43). However, it was only once Defendants filed their responsive pleading that Crespin

recognized the deficiencies in his second amended complaint that he now seeks to address. But by that time, the deadline to amend had passed and Defendants would not agree to extend it. The Court finds that this constitutes good cause and diligence and grants Crespin's request to extend time.

### B.  Merits of the motion to amend.

The Court also grants Crespin's motion to amend his complaint. An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Crespin's motion to amend. Defendants' central argument against Crespin's amendment concerns futility. However, denying leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Crespin's amendment that would constitute a valid claim. Defendants' arguments about exhaustion are thus better developed through a motion to dismiss. The Court grants Crespin's motion to amend.

### II.  Motion to withdraw, motion for virtual visitation, and stipulation to stay.

Crespin's counsel—Ismail Amin and Marian L. Massey, of the law firm TALG, NV, Ltd.—move to withdraw their pro bono representation of Crespin and to return Crespin's case to the Pro Bono Program to find Crespin new counsel. Counsel explains that Marian Massey has switched firms and so cannot ethically continue to represent Crespin given their new firm's

practice areas. Counsel adds that continuing to work on the case would constitute an unreasonable financial burden.

Defendants do not oppose the motion and Crespin has not filed a response. Under Local Rule IA 11-6(b), "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." LR IA 11-6(b). Under Local Rule 7-2(d) the failure of a party to oppose a motion constitutes that party's consent to the granting of the motion. The Court finds that Crespin's counsel has met the requirements of LR IA 11-6(b). Crespin has also not responded, constituting his consent to the Court granting the motion. So, the Court grants counsel's motion to withdraw and will return this case to the Pro Bono Program.

Because the Court grant's counsel's motion to withdraw, it denies Crespin's motion for virtual visitation with his counsel without prejudice as moot. (ECF No. 53). The Court also grants the parties' stipulation for a sixty day stay in part to the extent they seek to stay discovery. (ECF No. 78). In their stipulation, the parties ask that the "case be stayed." (ECF No. 78). However, in counsel's motion to withdraw, counsel refers to the stipulation as one to "stay discovery." (ECF No. 79). The two are distinct. So, the Court declines to stay the case and will instead stay discovery for sixty days following the instant order so that Crespin may have time to obtain new counsel.

**IT IS THEREFORE ORDERED** that Crespin's motion to amend his complaint (ECF No. 73) is **granted.** The Clerk of Court is kindly directed to detach the amended complaint filed at ECF No. 73-4 and file it on the docket.

**IT IS FURTHER ORDERED** that Ismail Amin, Esq., and Marian L. Massey, Esq.'s motion to withdraw (ECF No. 79) is **granted.** The Clerk of Court is kindly directed to remove Ismail Amin, Esq., and Marian L. Massey, Esq. as counsel of record from this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to add the below address for Crespin to the docket.

///

Reynaldo Crespin, Inmate #1260528
Northern Nevada Correctional Center
1721 Snyder Ave.
Carson City, NV 89701

**IT IS FURTHER ORDERED** that this case shall be referred to the Pro Bono Program adopted in Third Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Crespin. Crespin is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court, and Crespin will be contacted by counsel.

**IT IS FURTHER ORDERED** that Crespin's motion for virtual visitation (ECF No. 53) is **denied without prejudice as moot.**

**IT IS FURTHER ORDERED** that the parties' stipulation to stay the case (ECF No. 78) is **granted in part and denied in part.** It is granted in part to the extent that the parties seek to stay discovery. It is denied in part to the extent they seek to stay the case. Discovery is stayed until **August 4, 2025.** On or before **August 4, 2025**, the parties must either file: (1) a stipulation to reinstate discovery and extend discovery deadlines if necessary; or (2) a stipulation to extend the discovery stay.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Crespin at the Northern Nevada Correctional Center address above.

DATED: June 3, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE