# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Reynaldo Crespin, | Case No. 2:23-cv-01059-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| James Scally, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to extend the discovery stay pending appointment of pro bono counsel (ECF No. 101), Plaintiff's motion to extend copy work (ECF No. 107), and Plaintiff's motion for his prior pro bono counsel to provide him with his case file (ECF No. 108).

The Court grants Plaintiff's motion to extend the discovery stay. (ECF No. 101). No party has responded to the motion and Plaintiff has shown good cause for the extension. *See* Fed. R. Civ. P. 6(b); *see* LR 7-2(d).

The Court denies Plaintiff's motion to extend copy work. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01, inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty.* Det. Ctr., 2:10-CV-00857-RLH, 2011 WL 886343, \*2 (D. Nev. Mar. 11, 2011). Plaintiff states that he needs lined paper and a copy of Nevada Revised Statute 34.733, but that he was placed on the "No copy work" list. It is not clear to the Court that Plaintiff requested copy work from the prison such that it would count against his $100 limit. And Plaintiff does not explain why he was placed on the "No copy work" list in the first place. The Court lacks sufficient information to determine whether Plaintiff has

shown that he is entitled to an extension of his copy work indebtedness. So the Court denies his motion.

The Court denies Plaintiff's motion asking the Court to require his former pro bono counsel to send him his file. (ECF No. 108) (titled "motion to transfer entire case"). Plaintiff asserts that he "directed counsel to forward him all documents generated in this action because pro bono counsel had withdrew as counsel of record, but counsel has failed to comply. See Affidavit in support of instant motion." However, Plaintiff has not attached the affidavit that would presumably outline Plaintiff's communications with his former counsel. So, the Court denies Plaintiff's motion. If Plaintiff renews his motion, he must outline his communications with his former counsel asking for his file and any responses he received from his former counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend the discovery stay (ECF No. 101) is **granted** to allow time for Plaintiff's new pro bono counsel to appear. The discovery stay is extended until **November 3, 2025**. On or before **November 3, 2025,** the parties must either file: (1) a stipulation to reinstate discovery and extend discovery deadlines if necessary; or (2) a stipulation to extend the discovery stay.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend copy work (ECF No. 107) and motion "to transfer entire case" (ECF No. 108) are **denied.**

DATED: September 4, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE