UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Reynaldo Crespin,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>James Scally, et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01059-GMN-DJA<br><br>**Order** |

　　　　Before the Court is Plaintiff's renewed motion to extend copy work. (ECF No. 115). Also before the Court is Plaintiff's renewed motion for his prior attorneys to transfer his case file to him. (ECF No. 116).

　　　　The Court grants Plaintiff's motion to extend copy work. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01, inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). Plaintiff states that he has reached his $100 limit. He states that his ability to continue to copy documents is vital to his ability to continue to litigate this case, provide the Court with documents, and provide other parties with documents. Plaintiff is also indigent, as demonstrated by his application to proceed *in forma pauperis*, which this Court granted. (ECF No. 18). The Court will therefore grant Plaintiff's motion to extend his copy work rights and will extend his copy work limit by an additional $50.00. The extension, however, is not open ended. Plaintiff's photocopying rights are extended only to copies necessary to file motions, serve opponents, and maintain copies for Plaintiff's records in this

litigation alone. *See Vontress v. Nevada*, No. 2:18-cv-01746-RFB-BNW, 2020 WL 917283, at *4 (D. Nev. Feb. 25, 2020).

The Court also grants Plaintiff's motion for his former attorneys[1] to transfer his case file to him. After his pro bono counsel withdrew, Plaintiff asserts that he called and wrote to request his case file, to no avail. Plaintiff cites to Nevada Revised Statute 7.055(1), which provides that "[a]n attorney who has been discharged by his or her client shall, upon demand and payment of the fee due from the client, immediately deliver to the client all papers, documents, pleadings and items of tangible personal property which belong to or were prepared for that client." That statute further provides that "[a] client who, after demand therefor and payment of the fee due from the client, does not receive from his or her discharged attorney all papers, documents, pleadings and items of tangible personal property may, by a motion filed after at least 5 days' notice to the attorney, obtain an order for the production of his or her papers, documents, pleadings and other property." Nev. R. Stat. § 7.055(2). Additionally, under Nevada Model Rule of Professional Conduct 1.16(d), "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as…surrendering papers and property to which the client is entitled…" *See* LR IA 11-7(a) ("[a]n attorney admitted to practice under any of these rules must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada…"). Based on Plaintiff's representations, the Court will grant Plaintiff's motion and require his former counsel to either provide Plaintiff with the case file he has requested or to file a status report explaining why they cannot comply with this requirement.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend copy work (ECF No. 115) is **granted.** The Court extends Plaintiff's copy work by an additional $50.00 only for the

---

[1] Plaintiff only references Marian Massey, Esq., but Plaintiff was represented by both Marian Massey, Esq. and Ismail Amin, Esq. So, the Court will construe Plaintiff's motion to be directed to both attorneys.

1  purpose of making copies necessary to file motions, serve opponents, and maintain copies for
2  Plaintiff's records in this litigation alone.
3      **IT IS FURTHER ORDERED** that Plaintiff's motion to compel his former attorney to
4  provide him with his case file (ECF No. 116) is **granted.** The Clerk of Court is kindly directed to
5  send Plaintiff's former counsel—Ismail Amin, Esq. and Marian L. Massey, Esq.—a copy of this
6  order. Counsel shall have until **October 17, 2025**, to either provide Plaintiff with the case file he
7  has requested or to file a status report in this action explaining why they cannot comply with this
8  requirement.

10  DATED: September 17, 2025

                                                DANIEL J. ALBREGTS
                                                UNITED STATES MAGISTRATE JUDGE