AARON D. FORD
  Attorney General
RUDOLF M. D'SILVA (Bar No. 16227)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3375 (phone)
(702) 486-3768 (fax)
Email: rdsilva@ag.nv.gov

*Attorneys for Defendants*
*The Nevada Department of Corrections,*
*Jeremey Bean, Benu Clark, Ryan Griffith,*
*Ledesma Coronel, John Henley,*
*Daniel Norrbom, Romain Smith,*
*James Scally, Brian Williams,*
*Kenneth Williams and Ryan Vandenbusch*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REYNALDO CRESPIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.,*<br><br>　　　　　Defendants. | Case No. 2:23-cv-01059-GMN-DJA<br><br>**PARTIES STIPULATED DISCOVERY PLAN PURSUANT TO THIS COURTS ORDER IN ECF NO. 140** |

Plaintiff Reynaldo Crespin, by and through counsel Elaine Odeh, of the Law Firm of Sgro & Roger, and Defendants the Nevada Department of Corrections, Jeremy Bean, Benu Clark, Ryan Griffith, Ledesma Coronel, John Henley, Daniel Norrbom, Romain Smith, James Scally, Brian Williams, Kenneth Williams and Ryan Vandenbusch, by and through counsel Aaron D. Ford, Attorney General and Rudolf M. D'Silva, Deputy Attorney General, hereby stipulate to this discovery plan pursuant to this Court's Order in ECF No. 140.

///

///

///

///

I.    BACKGROUND

A.    Procedural History

Plaintiff Reynaldo Crespin (Crespin) filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 6-1. On October 21, 2024, pro bono counsel entered an appearance on behalf of Crespin. ECF No. 41. On April 11, 2025, pro bono counsel filed a motion to withdraw as counsel of record. ECF No. 79 at 3:19-28. On the same day, the Parties stipulated to stay discovery in this matter for a period of sixty (60) days following the Court's ruling on the motion to withdraw as counsel. ECF No. 78 at 2:1-5. On June 3, 2025, this Court granted pro bono counsel's motion to withdraw and ordered that discovery be stayed in this matter until August 4, 2025. ECF No. 94 at 4:23-25, 5:12-17. This Court further ordered that on or before August 4, 2025, the parties must either file: (1) a stipulation to reinstate discovery and extend discovery deadlines if necessary; or (2) a stipulation to extend the discovery stay. *Id.* at 5:12-17.

On August 4, 2025, Defendants filed a Notice Regarding This Court's Order in ECF No. 94, notifying the Court that the Parties did not come to an agreement regarding this Court's Order in ECF No. 94. *See* ECF No. 99. On the same day, Crespin filed a Motion to extend the deadline to reinstate discovery. ECF No. 101. On September 4, 2025, this Court granted Crespin's motion and ordered that by November 3, 2025, the parties either file: (1) a stipulation to reinstate discovery and extend the discovery deadline if necessary; or (2) a stipulation to extend the discovery stay. ECF No. 110 at 2:12-16.

On November 3, 2025, Defendants filed a Motion to Extend the time for parties to comply with this Court's order in ECF No. 110, which this Court granted. ECF No. 123; *See also* ECF No. 124. On November 7, 2025, the Parties filed a stipulation agreeing that discovery should be stayed but disagreeing as to the time the stay should remain in place. ECF No. 125 at 2:20-3:21. On November 13, 2025, this Court issued an order granting a stay on discovery until January 12, 2026. ECF No. 127. This Court specifically ordered that the parties file a stipulation either: (1) reinstating discovery and extending deadlines if necessary; or (2) extending the discovery stay. *Id.*

On December 17, 2025, the Parties met and conferred via phone. ECF No. 139-2 at 2:4. During this call Crespin made it clear that he would prefer filing separate motions to this Court so that he may have the opportunity to articulate exactly what he would like the Court to know without the need for defense counsel to draft a stipulation and interpret statements he made during the Parties calls. *Id*. at 2:5-8. Defense counsel did not object to this proposal by Crespin. *Id*. at 2:9. During the Parties call Crespin again indicated that he would prefer to have another 180-day extension of time to allow pro-bono counsel time to find his case and represent him. *Id*. at 2:10-12.

On December 31, 2025, a notice was issued indicating that after marketing Crespin's case for more than 200 days, the legal aid center was unable to place Crespin's case with a pro bono attorney. ECF No. 137. This notification indicated that Crespin's case file was being returned to the Court. *Id*. On January 12, 2026, Defendants filed a notice to this Court indicating that because the legal aid center was unable to find Crespin pro bono counsel this Court's stay should be lifted. ECF No. 139 at 3:22-4:6. This Court then issued an order lifting the stay on discovery and ordered the Parties to meet and confer and submit a renewed stipulated discovery plan on or before February 26, 2026. ECF No. 140.

On February 13, 2026, counsel made an appearance on behalf of Crespin. ECF No. 141.

### B. Meet and Confer

On February 18, 2026, counsel met and conferred regarding this lawsuit. The Parties discussed proposed scheduling order deadlines. Defense counsel informed Crespin's counsel that there is a possibility Defendants will be filing an Early Exhaustion Motion for Summary Judgment (MSJ) regarding their exhaustion defense, and they may request to enter into a stipulation to stay deadlines once this motion is filed or they may file a motion to stay deadlines in this matter if Defendants file an Early Exhaustion MSJ.

///

///

///

## II.   Completed Discovery

### A.   Plaintiff

On October 28, 2024, Crespin served his initial disclosures. On March 25, 2025, Crespin filed a supplemental disclosure. On March 3, 2025, Crespin served requests for production of documents to Defendant Scally. On March 24, 2025, Crespin served requests for admissions and interrogatories on Defendant Scally. On this same day Crespin served his second supplemental disclosures. On March 31, 2025, Crespin served interrogatories, request for production of documents and requests for admissions on the Nevada Department of Corrections (NDOC).

### B.   Defendants

On July 17, 2024, Defendants served their initial disclosures on Crespin. On September 19, 2024, Defendants served their first supplemental disclosures on Crespin. On August 4, 2025, Defendants served the following on Crespin: second supplemental disclosures and responses to request for production of documents, request for admissions and interrogatories to NDOC and Scally.

## III.   Remaining Discovery

Plaintiff intends to (1) serve additional written discovery requests; (2) depose defendants and NDOC 30(b)(6); (3) retain expert witness relating to ADA and/or prison healthcare standards.

Defendants anticipate conducting the following discovery if their motion for summary judgment based on failure to exhaust is not granted: (1) deposition of Plaintiff; (2) written discovery upon Plaintiff; (3) any additional written discovery depending upon Plaintiff's responses; and (4) retention of a rebuttal expert witness.

## IV.   Proposed Discovery Plan

The Parties agreed that unless otherwise limited by subsequent stipulations, the parties shall be allowed to conduct discovery to the full extent permitted under the Federal Rules of Civil Procedure. The Parties have also agreed to the following discovery plan:

///

| Date of Proposed Deadlines | Description of Deadlines |
| --- | --- |
| April 27, 2026 | Deadline for Amended Pleadings, Add Parties or File Motion for Leave to Amend |
| May 26, 2026 | Deadline to Serve Discovery on Exhaustion Issue |
| June 26, 2026 | Deadline to Serve Initial Expert Disclosures |
| July 27, 2026 | Deadline to Serve Rebuttal Expert Disclosures |
| August 26, 2026 | Deadline for Discovery |
| September 2, 2026 | Deadline to Serve Discovery Motions |
| September 25, 2026 | Deadline for Dispositive Motions |
| October 26, 2026 | Deadline to file Joint Pretrial Order (unless dispositive motions are filed, then 30 days after the court's ruling on the motion(s)). |

DATED this 26th day of February, 2026.        DATED this 26th day of February, 2026.

AARON D. FORD
Attorney General

By: */s/ Elaine Odeh*_____        By: /s/ *Rudolf M. D'Silva*_____
Elaine Odeh, Esq. (Bar No. 14099)        Rudolf M. D'Silva (Bar No. 16227)
*Attorney for Plaintiff*                        Deputy Attorney General
                                        *Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:        2/27/2026
        _____

Page **5** of **5**